Joseph J. Tabacco, Jr. (SBN 75484)
Nicole Lavallee (SBN 165755)
Kristin J. Moody (SBN 206326)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6282
Email: jtabacco@bermandevalerio.com
   nlavallee@bermandevalerio.com
   kmoody@bermandevalerio.com

Jeffrey M. Norton (Admitted *Pro Hac Vice*)
**NEWMAN FERRARA LLP**
1250 Broadway, 27th Floor
New York, NY 10001
Telephone: (212) 619-5400
Facsimile: (212) 619-3090
Email: jnorton@nfllp.com

*Lead Counsel and Attorneys for Lead Plaintiff David Fee*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE ZYNGA INC. SECURITIES LITIGATION | **CLASS ACTION** |
| | Lead Case No. 3:12-cv-04007-JSC |
| | Consolidated with Case Nos. |
| | 12-CV-4048-JSC |
| | 12-CV-4059-JSC |
| This Document Relates To: | 12-CV-4064-JSC |
| All Actions. | 12-CV-4066-JSC |
| | 12-CV-4133-JSC |
| | 12-CV-4250-JSC |
| | **[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |
| | Date: February 11, 2016 |
| | Time: 9:00 a.m. |
| | Courtroom: F, 15th Floor, San Francisco |
| | Judge: Honorable Magistrate Judge Jacqueline Scott Corley |

1    This matter having come before the Court on February 11, 2016, on Lead Counsel's
2 Notice of Motion and Motion For Attorneys' Fees and Reimbursement of Litigation Expenses
3 pursuant to Rule 23(h) of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(6), having
4 considered all papers filed and proceedings conducted herein, having found the settlement of this
5 action to be fair, reasonable and adequate and otherwise being fully informed in the premises and
6 good cause appearing therefore:
7 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
8    1.   All of the capitalized terms used herein shall have the same meanings as set forth
9 in the Amended Stipulation of Settlement, dated October 15, 2015 and filed with the Court at
10 Dkt. No. 212-1 (the "Stipulation").
11    2.   This Court has jurisdiction over the subject matter of this application and all
12 matters relating thereto, including all members of the Settlement Class who have not timely and
13 validly requested exclusion.
14    3.   A recovery of $23 million, representing approximately 14% of Lead Counsel's
15 estimate of the most likely recoverable damages, is an excellent result considering the substantial
16 risks of this litigation, both on the merits and law, thereby supporting a fee award of ___%.
17    4.   The risk that further litigation might result in the Settlement Class recovering
18 nothing, particularly in a case involving complicated factual and legal issues, supports a fee award
19 of ___%.
20    5.   The successful prosecution of the complex claims in this case required the
21 participation of highly skilled and specialized attorneys supporting a fee award of ___%.
22    6.   The contingent nature of the fee award whereby Lead Counsel received no
23 compensation during the course of this Litigation, and risked non-payment of out-of-pocket
24 expenses, spending more than 5,580.05 hours litigating this case and advancing over $189,427.69
25 in expenses to prosecute this case supports a fee award of ____%.
26    7.   Fee awards in similar cases support a fee award of the 25% benchmark. *See, e.g.,*
27 *In re OmniVision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008).
28

[3:12-cv-04007-JSC] [P~~ROPOSED~~] ORDER AWARDING ATTORNEYS' FEES, AND REIMBURSEMENT
OF LITIGATION EXPENSES                                                                1

8.  Examining the lodestar of Lead Counsel shows a fee award of ____% will allow Lead Counsel to recover its lodestar with a modest multiplier of ___, thereby supporting a fee award of ____%.

9.  The categories of expenses for which Lead Counsel seeks reimbursement are the type of expenses routinely charged to hourly paying clients, and therefore are appropriate for reimbursement.

10. Notice was disseminated to putative members of the Settlement Class stating that Lead Counsel would be moving for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for reimbursement of litigation expenses not to exceed $276,000.  The deadline for submitting objections has expired and there are no pending objections to the request. The reaction of the Settlement Class therefore supports a fee award of ____% and reimbursement of $_____ in expenses.

11. The Court hereby awards Lead Counsel attorneys' fees of $_____ (constituting ___% of the Settlement Fund), plus reimbursement of litigation expenses in the amount of $_____.

12. The fees shall be allocated among counsel for the Lead Plaintiff by Lead Counsel.

13. The awarded attorneys' fees and expenses shall be paid to Lead Counsel from the Settlement Fund Account within five (5) calendar days after the later of (a) the date they are awarded by the Court, or (b) the date the Court grants final approval of the Settlement, subject to the terms, conditions and obligations of the Stipulation, and in particular ¶7.2 thereof, which terms, conditions and obligations are incorporated herein.

IT IS SO ORDERED.

Dated: __March 18_____, 2016                    _____
                                                     HON. JACQUELINE SCOTT CORLEY
                                                     UNITED STATES MAGISRATE JUDGE