Joseph J. Tabacco, Jr. (SBN 75484)
Nicole Lavallee (SBN 165755)
Kristin J. Moody (SBN 206326)
A. Chowning Poppler (SBN 272870)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile: (415) 433-6282
Email: jtabacco@bermandevalerio.com
          nlavallee@bermandevalerio.com
          kmoody@bermandevalerio.com
          cpoppler@bermandevalerio.com

Jeffrey M. Norton (Admitted *Pro Hac Vice*)
**NEWMAN FERRARA LLP**
1250 Broadway, 27th Floor
New York, NY 10001
Telephone:  (212) 619-5400
Facsimile:  (212) 619-3090
Email: jnorton@nfllp.com

*Lead Counsel and Attorneys for Lead Plaintiff David Fee*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ZYNGA INC. SECURITIES LITIGATION | **CLASS ACTION** |
| | Lead Case No. 3:12-cv-04007-JSC |
| | Consolidated with Case Nos.<br>12-CV-4048-JSC<br>12-CV-4059-JSC |
| This Document Relates To:<br>All Actions. | 12-CV-4064-JSC<br>12-CV-4066-JSC<br>12-CV-4133-JSC<br>12-CV-4250-JSC |
| | **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| | Date:           February 11, 2016<br>Time:          9:00 a.m.<br>Courtroom:  F, 15th Floor, San Francisco<br>Judge:         Honorable Magistrate Judge Jacqueline Scott Corley |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated October 27, 2015, on the motion for final approval of the Settlement set forth in the Amended Stipulation of Settlement, dated as of October 15, 2015 ("Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Judgment and Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. "Settlement Class" shall mean all Persons who purchased or otherwise acquired Zynga common stock December 15, 2011 to July 25, 2012, inclusive. Excluded from the Settlement Class are Defendants, the Officer Defendants, the Director Defendants, the Underwriter Defendants, the officers and directors of Zynga during the Settlement Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Notwithstanding the foregoing, the exclusion shall not extend to an Underwriter Defendant to the extent it, or an agent, or affiliate thereof, held Zynga common stock in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class. Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice. Those persons or entities eligible for membership in the Settlement Class who timely submitted valid requests for exclusion from the Settlement Class

1  are identified on Exhibit 1.  Those persons or entities are not bound by this Final Judgment and
2  Order.
3       4.      Pursuant to Federal Rules of Civil Procedure 23, this Court hereby approves the
4  Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just,
5  reasonable and adequate to the Settlement Class.  The Court finds that certification of the
6  Settlement Class for settlement purposes only is appropriate because:
7       (a)     The Settlement Class is so numerous that joinder of all members is
8  impracticable, satisfying the requirements of Rule 23(a)(1);
9       (b)     There are questions of law or fact common to the Settlement Class,
10 satisfying the requirement of Rule 23(a)(2);
11      (c)     The claims of the Lead Plaintiff are typical of the claims of the
12 Settlement Class, satisfying the requirement of Rule 23(a)(3);
13      (d)     The representative parties will fairly and adequately protect the interests
14 of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and
15      (e)     Questions of law and fact common to the members of the Settlement
16 Class predominate over questions affecting only individual members and a class action is
17 superior to other methods available for the fair and efficient adjudication of the controversy,
18 satisfying the requirements of Rule 23(b)(3).
19          The findings in this Paragraph 4 are for purposes of this Settlement only, and
20 shall have no force or effect for any other purpose or if this Final Judgment and Order does not
21 become final.
22      5.      The Court hereby approves the Settlement set forth in the Stipulation and finds
23 that:
24      (a)     said Stipulation is, in all respects, fair, reasonable and adequate and in the
25 best interest of the Settlement Class;
26      (b)     there was no collusion in connection with the Stipulation;
27
28

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

6.     Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Complaint, the Action, and all Released Claims and the Released Persons' Claims, without costs as to any Settling Party, except as and to the extent provided in the Stipulation, any separate order on attorneys' fees or reimbursement of litigation expenses, and herein.

7.     The Court finds that the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.     Upon the Effective Date hereof, the Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

9.     All Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

10.    Upon the Effective Date hereof, Defendants and the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Persons' Claims against each and all of the Settlement Class Members, Lead Plaintiff and Lead Counsel.

11.    The Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and the published Summary Notice given to the Settlement Class was the best notice practicable

1  under the circumstances, including the individual notice to all Settlement Class Members who
2  could be identified through reasonable effort. Said notice provided the best notice practicable
3  under the circumstances of these proceedings and of the matters set forth therein, including the
4  proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said
5  notice fully satisfied the requirements of Federal Rules of Civil Procedure 23 and the
6  requirements of due process as well as the requirements of the Private Securities Litigation
7  Reform Act. In addition, the requirements of the Class Action Fairness Act, 28 U.S.C. §1715,
8  have been satisfied.

9      12.    Any Plan of Allocation submitted by Lead Counsel or any order entered
10 regarding any attorneys' fee and reimbursement of expense application shall in no way disturb
11 or affect the Judgment and shall be considered separate from this Final Judgment and Order.

12     13.    Neither the Stipulation nor the Settlement contained therein, nor any act
13 performed or document executed pursuant to or in furtherance of the Stipulation or the
14 Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the
15 validity of any Released Claims, or of any wrongdoing or liability of the Defendants, any
16 Released Person or and Settlement Class Member or (b) is or may be deemed to be or may be
17 used as an admission of, or evidence of, any fault or omission of the Defendants, any of the
18 Released Persons or any Settlement Class Member in any civil, criminal or administrative
19 proceeding in any court, administrative agency or other tribunal. Defendants, Released Persons
20 and/or Settlement Class Members may file the Stipulation and/or the Judgment from this action
21 in any other action that may be brought against them in order to support a defense or
22 counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith
23 settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or
24 similar defense or counterclaim.

25     14.    Without affecting the finality of this Final Judgment and Order in any way, this
26 Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any
27 award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition
28

of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and reimbursement of litigation expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: __March 18_____, 2016

_____
HON. JACQUELINE SCOTT CORLEY
UNITED STATES MAGISRATE JUDGE

# Exhibit 1

| Number | Name |
|---|---|
| 1 | ANDREW JEFFERY LIU |
| 2 | ANTHONY NEHME |
| 3 | CAROL ALBERT-MAHERAS |
| 4 | CHAD ROSENTHAL |
| 5 | DANIEL R SCHULZ |
| 6 | DARRYL L HUDEC & MILANKA HUDEC |
| 7 | DARRYL L HUDEC FMT CO CUST IRA |
| 8 | DAVID P COWLES |
| 9 | DAVIDE COPELLI |
| 10 | DELINDA GAYE BOWLES |
| 11 | EDWIN SILVERSTEIN |
| 12 | ELMER DEROSIA |
| 13 | HAI SUK JUNG |
| 14 | HAROLD P HOUSER |
| 15 | HEMALKUMAR RAMANI & CHANDULAL RAMANI |
| 16 | ISAACSON-WEAVER FAMILY TRUST, E ISAACSON & S WEAVER, TTEES |
| 17 | JAMES CORPORAL |
| 18 | JANE PAN PORTER |
| 19 | JOE CAMPISE JR |
| 20 | JONGKI E LINGGA & SUSANNE M LINGGA |
| 21 | KENNETH M GARDNER |
| 22 | LUCIA DANIELA TOOLE & WILLIAM PHILIP TOOLE |
| 23 | MARK D COPEN |
| 24 | MICHAEL J PASCALE |
| 25 | MIKE DAVID ULLOA JR |
| 26 | MILANKA HUDEC FMT CO CUST IRA ROLLOVER |
| 27 | NICHOLAS BALOGH |
| 28 | RAFAEL ORTIZ |
| 29 | ROBERT G METZGER |
| 30 | ROBERT R LOPES |
| 31 | VIRGINIA M BYERS |
| 32 | YUNG CHIN TSUI |